# Wytheville.

## TRAVERS v. TEESE.

June 16, 1927.

SALES—*Action by Seller Against Buyer—Evidence Held not Sufficient to Support a Verdict for Seller—Case at Bar.*—The instant case was an action by a seller of an automobile against a buyer for an alleged balance due on the sale of the automobile. No one was present when the sale was consummated except the seller and the purchaser. The seller was absent from the State and did not testify at the trial. The buyer's testimony was full and clear that the terms of the sale was $1,000.00 cash and an old car, and that there was no balance due. His testimony was supported by the Motor Vehicle Commissioner, who issued a certificate of ownership to the buyer after hearing what the principal witness of seller and others had to say on the subject. The principal witness for plaintiff testified that from the negotiations which he heard, the price of the car was more than the $1,000.00 cash and the old car, but he left before the completion of the negotiation. There was evidence that it was the custom of the seller to take notes for balances due and no note was given in this case. The seller signed the bill of sale to the car saying nothing about the balance due.

*Held:* That the evidence was not sufficient to support a verdict in favor of the seller.

Error to a judgment of the Circuit Court of Mathews county in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*J. Boyd Sears*, for the plaintiff in error.

*Chas. S. Smith, Jr.*, for the defendant in error.

BURKS, J., delivered the opinion of the court.

This was an action to recover an alleged balance due on the sale of an automobile, and it is assigned as error that the trial court refused to set aside a verdict for the plaintiff, on the ground that it was contrary to the evidence.

No one was present when the sale was consummated except the seller and the purchaser. The seller, who was plaintiff in the action, was absent from the State at the time of the trial and hence did not testify. The nearest approach to any evidence to support the verdict is the testimony of J. H. South, who had been promised by Teese a commission of fifteen per cent on any sales of automobiles made through him. He testified that he was present when the parties were negotiating for the trade, but left for Norfolk before any trade was consummated. He says that Travers was negotiating for the purchase of a Flint car, the price of which was $1,695.00, and wanted to turn in an old Franklin car for which he wanted $600.00. His testimony as to the negotiation so far as he heard it was as follows:

"He was to give $1,000.00 cash and the old Franklin car, which was valued at $325.00, but if it sold for more than $325.00 Captain Travers was to receive all above that amount as a credit on balance due. The price of the car was $1,695.00. I then left for Norfolk." He had already testified that Travers "wanted $600.00" for the old Franklin, and testified before the Motor Vehicle Commissioner that "Captain Travers had finished paying for his car." It was shown by another witness for the plaintiff that when "the full purchase price was not paid in cash Mr. Teese made it his custom to take notes for the balance," and no such note was given. Teese signed a bill of sale of the car to

Travers, saying nothing about any balance due, and had filled out in his office, but unsigned, the certificate required by the Motor Vehicle Commissioner, describing the car, in which it was stated that the terms of payment were cash, and no lien was claimed. The testimony of Travers, the only person present at the sale who testified, is full and clear that the terms were $1,000.00 cash and the old Franklin car. He is supported by the Motor Vehicle Commissioner, who issued a certificate of ownership to Travers after hearing what South and others had to say on the subject.

The evidence was plainly insufficient to support the verdict of the jury. The judgment of the trial court will, therefore, be reversed, the verdict of the jury set aside, and a judgment entered in this court that the action of the plaintiff, the defendant in error here, be dismissed, with costs to the plaintiff in error in this court and also in the trial court.

*Reversed.*